FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

APR 25 2022


DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-00163 |
| v. | ) | |
| | ) | 21 U.S.C. § 841 |
| | ) | |
| HAU T. LA | ) | |

# INDICTMENT

THE GRAND JURY CHARGES:

<u>Introduction</u>

At all times material to this Indictment:

1. **HAU T. LA** was a medical doctor, licensed under number 42545 by the State of Tennessee Department of Health, since June 25, 2007.

2. **HAU T. LA** owned and operated Absolute Medical Care ("AMC"), a medical clinic located in Smyrna, Tennessee. **LA** only operated AMC on Fridays, and only accepted cash or credit for services purportedly rendered.

3. **HAU T. LA** was registered with U.S. Drug Enforcement Administration ("DEA") to prescribe controlled substances, under registration numbers FL0482961 and XL0482961, and was authorized to do so consistent with that registration.

4. **HAU T. LA**'s practice at AMC consisted primarily of prescribing controlled substances, including highly addictive opioids.

5. Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance was not legal or effective unless issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

6. **HAU T. LA** routinely prescribed various Schedule II controlled substances, including morphine sulfate, oxycodone, and oxymorphone, to individuals seen at AMC, outside the usual course of professional practice and without a legitimate medical purpose.

COUNTS ONE THROUGH SIXTEEN

THE GRAND JURY FURTHER CHARGES:

7. Paragraphs 1 through 6 are re-alleged and incorporated by reference as though fully set forth herein.

8. On or about the dates set forth in each count below, in the Middle District of Tennessee and elsewhere, **HAU T. LA** did knowingly and intentionally distribute morphine sulfate, oxycodone, and oxymorphone, all of which were Schedule II controlled substances, as listed below, outside the usual course of professional practice and without a legitimate medical purpose, each of which constitutes a separate count of this Indictment:

| Count | Approximate Date of Distribution | Individual | Controlled Substance |
|---|---|---|---|
| 1 | July 19, 2019 | S.B. | Oxymorphone |
| 2 | February 5, 2021 | S.B. | Oxycodone |
| 3 | November 20, 2020 | T.B. | Morphine Sulfate |
| 4 | January 15, 2021 | T.B. | Oxycodone |
| 5 | December 21, 2018 | A.C. | Oxycodone-Acetaminophen (Oxycodone) |
| 6 | February 17, 2021 | A.C. | Morphine Sulfate |
| 7 | August 31, 2018 | L.D. | Oxycodone-Acetaminophen (Oxycodone) |
| 8 | January 17, 2020 | L.D. | Oxycodone-Acetaminophen (Oxycodone) |
| 9 | September 11, 2020 | R.W. | Oxycodone |
| 10 | January 29, 2021 | R.W. | Oxymorphone |
| 11 | January 10, 2020 | O.S. | Oxycodone |
| 12 | October 9, 2020 | O.S. | Oxymorphone |
| 13 | September 18, 2020 | T.K. | Oxymorphone |
| 14 | February 5, 2021 | T.K. | Oxycodone |
| 15 | November 22, 2019 | C.K. | Oxymorphone |
| 16 | January 15, 2021 | C.K. | Oxycodone |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER CHARGES:

8. The allegations contained in the Indictment are hereby realleged and incorporated by reference as if fully set forth in support of this forfeiture allegation.

9. Upon conviction of any Count in the Indictment (Unlawful Distribution of a Controlled Substance), **HAU T. LA** shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853(a):

    a. any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such offense; and

    b. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to a money judgment in an amount to be determined, representing the aggregate value of the forfeitable property.

## SUBSTITUTE PROPERTY

10. If any of the property described above, as a result of any act or omission of **HAU T. LA**:

    a. cannot be located upon the exercise of due diligence.

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of the substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **HAU T. LA** up to the value of said property listed above as subject to forfeiture.



A TRUE BILL

_____
FOREPERSON


MARK H. WILDASIN
UNITED STATES ATTORNEY


JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION, CRIMINAL DIVISION

*/s/*
LESLIE WILLIAMS FISHER
TRIAL ATTORNEY, FRAUD SECTION, CRIMINAL DIVISION

4

**FILED UNDER SEAL**