UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:22-cr-00163 |
| | ) | Judge Aleta A. Trauger |
| HAU T. LA | ) | |

## MEMORANDUM & ORDER

Hau T. La has filed a Motion to Exclude Witness and to Preclude Testimony and Evidence (Doc. No. 35), to which the United States has filed a Response (Doc. No. 39). For the reasons set out herein, the motion will be denied.

La asks the court to exclude any testimony by Dr. Elizabeth Null, a neurologist who was hired by the office manager of La's clinic to "periodically review[] patient charts and prescription compliance." (Doc. No. 35 at 1.) Dr. Null was not disclosed as an expert and therefore can testify, if at all, only as a fact witness. Because of the nature of her role in the clinic, however, a factual account of Dr. Null's dealings with La might end up bearing many of the hallmarks of expert testimony, given that it, like much medical expert testimony, would involve the discussion of opinions reached from the review of another physician's records. La therefore argues that any probative value of Dr. Null's testimony would be substantially outweighed by its capacity for confusion and prejudice.

La concedes that, under the law of the Sixth Circuit, a "treating physician" can testify as a fact witness about the care she rendered, without having to be qualified as an expert. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007). La argues that that rule is inapplicable here, however, because Dr. Null did not "treat" any of the patients involved. The extent to which La's characterization of Dr. Null is accurate depends on how broadly one defines "treating." Dr.

Null made patient-specific recommendations, and those recommendations were included in individual patient records as "Independent Medical Consultations." (Doc. No. 39-2 at 1.) The United States has also indicated that it expects the evidence to show that Dr. Null met with at least some individual patients. Based on Dr. Null's assessment of individual patient cases and the inclusion of Dr. Null's recommendations in patient records, it does not appear to the court that it would be unreasonable to refer to her as part of the patients' treatment team.[1]

In any event, the Sixth Circuit has drawn its rules regarding physician fact testimony from the general provisions of the Federal Rules, not a technical distinction between "treating" and "consulting." *See Fielden,* 482 F.3d at 869. The court will apply the same ordinary principles here. The court's resolution of this motion therefore depends on the answers to three successive questions. First, is Dr. Null's proposed testimony fact testimony? Second, if so, is it relevant? And, third, if it is both fact testimony and relevant, does its probative value justify any confusion that might arise from the testimony's similarity to expert opinion?

The answer to the first question is yes. Testimony by Dr. Null about her own personal review of patient records and her communications to La would be fact testimony, the same way La's own discussion of those patients and communications would be. Testimony that Dr. Null conveyed a particular piece of information to La would be purely factual, in that it would speak to the fact that something actually happened. The question of whether the information conveyed was *correct* would be opinion, and Dr. Null could not testify to that. But whether it was conveyed at all is a question of fact.

---

[1] The court notes that it is common for a treatment team to include physicians with starkly different roles, including those with little or no direct interaction with individual patients. For example, one physician may handle a patient encounter while another reads the patient's radiological evidence.

The answer to the second question is also yes; the anticipated testimony would meet the threshold of relevance. The primary contested factual issue in this case involves La's knowledge and state of mind regarding the propriety of his prescriptions. Dr. Null communicated with him directly on that subject. The samples from patient records provided by the United States include specific critiques regarding prescribing practices that bear directly on La's knowledge. The effect of those communications on La's state of mind is relevant to his guilt or innocence, because La's statements were part of the mix of information available to La about prescribing practices. Indeed, it bears noting that factual testimony regarding what Dr. Null told La could actually serve to *exculpate* La, if it were to be revealed that, for example, Dr. Null's advice was confusing or gave La a false sense that what he was doing was appropriate. The materials from which La formed his understanding of appropriate practice standards—whether those materials were correct, incorrect, or debatable—are relevant to the question of guilt.

The determinative question is therefore one of undue prejudice. La is correct that it is easy to imagine Dr. Null giving testimony that would be unduly prejudicial in that it could be construed as, in effect, expert testimony that was shoehorned in through a fact witness while bypassing ordinary procedures. The mere fact that a witness could overstep, however, is not a sufficient ground for excluding her. The court will therefore permit Dr. Null to testify about the relevant information she conveyed or made available to La.

Dr. Null's testimony, however, should be narrowly limited to its permissible purpose. According to the United States, Dr. Null consulted La regarding two or three of the eight patients at issue in this case, and some testimony regarding those patients will be permissible. Aside from Dr. Null's statements regarding those patients, however, Dr. Null's communications to La are only sufficiently relevant insofar as Dr. Null's statement to La (1) addressed a specific issue that is

3

present in one of the eight charged cases and (2) raised that issue before the relevant charged prescription was written. For example, if Dr. Null did not consult with La regarding a particular patient who has provided the basis for a charge, but Dr. Null had consulted regarding a functionally identical patient the week before, and her advice in that earlier case would also be applicable to the charged patient, that earlier advice might be relevant to La's state of mind. Accordingly, while the court will not absolutely bar Dr. Null's testimony regarding the patients she assessed who have not provided the basis for charges, the court will only permit her to do so insofar as the United States has established relevance of that communication to a specific charged prescription that occurred after the communication at issue. And, of course, Dr. Null cannot testify about any patient whose case she did not actually evaluate in real time, because doing so retrospectively would be paradigmatic opinion testimony.

La's Motion to Exclude Witness and to Preclude Testimony and Evidence (Doc. No. 35) is therefore **DENIED**. Dr. Null may testify regarding (1) her communications to La regarding any patient whose case gave rise to one of the charges against La and (2) any other communications she made to La if it is established that the communication at issue involved subject matter directly relevant to one of the charged cases and occurred before the relevant charged case, such that Dr. Null's words may have had a bearing on La's state of mind. La will not be permitted to offer any opinion regarding the ultimate propriety of La's prescriptions.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge