# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cr-00163** |
| | ) | |
| **HAU T. LA** | ) | **Judge Aleta A. Trauger** |

## MEMORANDUM & ORDER

Before the court is defendant Hau T. La's Amended Motion for Leave to Extend Deadline to File Motion for a Rule 33 New Trial (Doc. No. 104),[1] supported by a Memorandum of Law (Doc. No. 108). The government opposes the motion. (Doc. No. 109.) For the reasons set forth herein, the motion will be granted.

## I.     PROCEDURAL BACKGROUND

Defendant Ha was indicted on April 25, 2022 on sixteen counts of knowingly distributing controlled substances outside the usual course of professional practice and without a legitimate medical purpose. (Doc. No. 3.) On May 16, 2022, following Ha's arraignment, the court scheduled trial to begin July 12, 2022. (Doc. No. 19.)

On June 24, 2022, the parties filed a Joint Motion for Status Conference, in which they communicated to the court their expectation that the case would proceed to trial as scheduled on July 12, 2022. (Doc. No. 23.) The five-day trial indeed began on July 12. (Doc. Nos. 59–62, 65.) On the sixth day, July 19, 2022, the jury returned a verdict of guilty on twelve of the sixteen counts

---

[1] This Amended Motion clearly supersedes and supplants the original Motion for Leave to Extend Deadline (Doc. No. 98), filed on October 11, 2022.

in the Indictment. (Doc. No. 67, 69.) On July 20, 2022, the court set sentencing for January 5, 2023. (Doc. No. 72.)

Lead counsel for Ha filed a Motion to Withdraw on July 26, 2022. (Doc. No. 74.) On July 29, 2022, his remaining attorney filed both a Motion to Appoint Counsel and her own Motion to Withdraw. (Doc. Nos. 76, 80.) The court granted these motions (Doc. Nos. 75, 83, 81) and, on August 1, 2022, appointed current counsel to represent the defendant (Doc. No. 84).

On August 2, 2022, promptly after being appointed, the defendant's new attorney filed a Motion for Extension of Time to File Motion for Judgment of Acquittal or Motion for New Trial, explaining that she "need[ed] to order the trial transcripts and review the case to determine what issues form the basis to file those motions in this case." (Doc. No. 85.) The court granted the motion, extending the deadline to September 19, 2022. (Doc. No. 86.)

Before that deadline expired, counsel filed a second Motion to Extend Deadline to File Motion for Judgment of Acquittal. Although this motion did not expressly reference the filing of a Rule 33 motion for a new trial, counsel stated that she needed "additional time to review [the trial transcripts] to determine what post conviction motions need to be filed including a Motion for Judgment of Acquittal." (Doc. No. 94, at 1.) The court granted this motion as well, extending the deadline to October 3, 2022. (Doc. No. 95.)

Counsel filed a third motion on October 3, 2022, again referencing only an extension of the time to file a motion for judgment of acquittal and stating that she needed to be able to review trial exhibits, including patient files, in order to file this anticipated motion. (Doc. No. 96.) This motion did not reference other potential post-trial motions. The court granted another fourteen-day extension of the deadline, or until October 18, 2022. (Doc. No. 97.)

On October 11, 2022, prior to the expiration of that deadline, the defendant filed a Motion to Extend Deadline to File Motion for a Rule 33 New Trial. (Doc. No. 93.) He filed his Amended Motion and supporting Memorandum on October 17 and 19 (Doc. Nos. 104, 108), indicating that the anticipated motion for a new trial would be premised upon evidence of ineffective assistance of counsel. Newly appointed counsel, in fact, raises extremely serious allegations of ineffective assistance of counsel, including allegations that previous lead counsel knowingly proceeded to trial prematurely, despite obviously inadequate preparation, and that she operated under an "actual conflict of interest" of the kind that "creates a presumption of prejudice." *Gillard v. Mitchell*, 445 F.3d 883, 890 (6th Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984); *Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980)). The government filed a Response on October 19, 2022. (Doc. No. 109.)

## II.    STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33(a) allows district courts to "vacate any judgment and grant a new trial if the interest of justice so requires." Absent newly discovered evidence, a Rule 33 motion must be filed within fourteen days of the verdict. Fed. R. Crim. P. 33(b)(2).[2] Thus, the Rule 33 motion in this case was due by August 3, 2022. However, Rule 33 must be read in conjunction with Rule 45, which provides that, "[w]hen an act must or may be done within a specified period, the court . . . may extend the time . . . on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b); *United States v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010).

---

[2] In the Sixth Circuit, "evidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial." *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991).

In considering whether a party's omission constitutes excusable neglect, courts are to weigh the factors articulated in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 308 (1993). *See Munoz*, 605 F.3d at 369. The *Pioneer* factors include: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* at 368 (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)); *see also United States v. Hall*, 979 F.3d 1107, 1123 (6th Cir. 2020). The *Pioneer* factors "do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Munoz*, 605 F.3d at 372 (citations omitted).

## III.    DISCUSSION

The defendant, of course, argues that the *Pioneer* factors weigh in his favor; the United States argues that they do not.

### A.    Assessment of the *Pioneer* Factors

#### 1.    *Reason for the Delay and Whether Delay Was Within La's Control*

The Supreme Court endorsed a "your lawyer, your fault" principle in *Pioneer*. *Munoz*, 605 F.3d at 369 (citing *Pioneer*, 507 U.S. at 396–97). The Sixth Circuit, however, has held that this principle should be applied less stringently in the criminal context. *Id.* In addition, ineffective assistance of counsel may justify a finding of excusable neglect. *Id.*

The Sixth Circuit "assessed potential excusable neglect in filing a late Rule 33 motion because of alleged ineffective assistance of counsel" in *Munoz*, 605 F.3d at 366, in *United States v. Elenniss*, 729 F. App'x 422, 425–26 (6th Cir. 2018), and again in *Hall*, 979 F.3d at 1123. In *Munoz*, the defendant's original trial counsel moved to withdraw two months after the jury

rendered a verdict—well after the expiration of the fourteen-day period for filing a Rule 33 motion. New counsel was appointed six weeks later; five days after her appointment, she filed motions to continue sentencing and for leave to file an untimely Rule 33 motion. 605 F.3d at 365. The court denied the latter motion without prejudice and, approximately ten weeks later, counsel filed the untimely Rule 33 motion, which also addressed the issue of excusable neglect. *Id.* at 366. The court granted the motion for leave to file the untimely motion on the basis of excusable neglect and, on its merits, also granted the motion for a new trial based on ineffective assistance of counsel. *Id.* The Sixth Circuit affirmed.

In *Elenniss*, the defendant's trial counsel represented him for two and one-half months after the verdict, but his new counsel represented him for another two months before filing a Rule 33 motion or even giving notice of an intention to file such a motion. 729 F. App'x at 424. In addition, in the interim, counsel had filed a motion related to sentencing shortly after taking the case, thus "suggest[ing] to the district court that [the defendant] and his new attorney were preparing for sentencing." *Id.* at 725–26. The court found that the "reason for delay" factor did not weigh in favor of the defendant, stating:

> No hint was given that [the defendant and his counsel] were preparing [this] post-verdict motion[]. That distinguishes this case from *Munoz* and undermines Elenniss's claims of excusable neglect. And we do not overlook the fact that Elenniss's new counsel would have needed time to familiarize himself with the case and to develop those motions—he nonetheless could have sought leave to file those motions late shortly after taking the case.

*Elenniss*, 729 F. App'x at 426. The court held that the other factors also did not weigh in favor of Elenniss and, therefore, that the district court did not abuse its discretion in denying leave to file a late Rule 33 motion.

In *Hall*, the court characterized counsel's failure to promptly give notice of an intention to file a post-conviction motion to be the "key difference" between *Munoz* and *Elenniss*. *Hall*, 979

F.3d at 1124. The court noted, in particular, that, "unlike in *Munoz*, the district court [in *Elenniss*] had no indication that more post-trial motions were coming" until the motion for leave and the motion for a new trial were filed at the same time, more than two months after new counsel was appointed. *Hall*, 979 F.3d at 1124. And in that case, the court found the situation before it to be more closely analogous to that of *Elenniss* than *Munoz*, because Hall's new post-trial counsel "did not convey soon after [her appointment] that Hall sought to file other post-trial motions," as a result of which "Hall no longer had the justification that alleged ineffective counsel was causing the delay." *Id.*

The facts of this case fall somewhere between *Munoz*, on the one hand, and *Elenniss* and *Hall*, on the other, but it is closer to *Munoz*. Here, newly appointed counsel promptly—and prior to the expiration of the Rule 33 fourteen-day deadline—filed a motion to extend the deadline for filing both a motion for judgment of acquittal and a motion for a new trial. The fact that the defendant intended to pursue the filing of post-verdict motions was made clear by counsel's continuing to file motions to extend the deadline and explaining why she needed additional time to do so. Even the second motion, the title of which referred only to a motion for judgment of acquittal but the body of which referred to post-trial motions generally, could be deemed a renewed motion to extend the deadline for filing a Rule 33 motion. The court granted that motion, extending the deadline on that occasion to October 3, 2022. (Doc. Nos. 94, 95.) The defendant's third motion, filed on October 3, did not expressly reference a Rule 33 motion, but the motion filed on October 11 did, seeking an extension of the deadline until November 15 to file the Rule 33 motion.

In other words, this case is clearly distinguishable from *Elenniss* and *Hall*, because counsel did convey soon after her appointment that the defendant sought leave to file other post-trial motions; counsel never filed any motions relating to sentencing, and she never "suggest[ed] to the

district court that everyone was proceeding along toward sentencing." *Hall*, 979 F.3d at 1124. Counsel has not adequately explained why she failed to expressly reference a motion for a new trial in her second and third motions for an extension of the deadline, but the court finds, under the circumstances presented here, that the delay was reasonably related to newly appointed counsel's need to review the trial transcripts, obtain the exhibits, and obtain her client's entire litigation file from prior counsel.

The government's objection that counsel, by her own admission, waited until September 30 to request trial exhibits and her client's file from previous counsel does not dictate a different conclusion. Counsel was, at that point, pursuing several avenues of inquiry, some of which undoubtedly opened as she became better acquainted with the case and her client. The serious allegations of ineffective assistance of trial counsel, coupled with newly appointed counsel's repeated and consistent messaging to the court that she intended to file post-trial motions, provide a reasonable basis for the delay. Although the delay is largely attributable to current counsel rather than previous counsel, because the deadline for filing a Rule 33 motion had not yet expired when new counsel was appointed, the fact that she was not trial counsel meant that she needed time to acquaint herself with the file and ascertain the need and justification for post-trial motions.[3]

In sum, the court finds that that these factors—the reason for the delay and whether the delay was within the defendant's control—weigh at least slightly in favor of the defendant.

---

[3] The government makes much of the fact that successor counsel "was present for many days of the trial and is already familiar with the Defendant and has experience with cases like his." (Doc. No. 109, at 1–2, 7 (quoting Doc. No. 76, at 1).) The court's recollection is that successor counsel only attended some portions of the trial. Moreover, merely attending trial would not have given her access to the information necessary to support the ineffective assistance claim the defendant intends to raise, particularly insofar as the claim arises from an alleged conflict of interest.

### 2. Danger of Prejudice to the Non-Moving Party

The government argues that the danger of prejudice weighs in its favor, pointing vaguely to the hardship on witnesses that a new trial would impose. It then argues that the delay would be "especially prejudicial," because the defendant is not likely to prevail on his ineffective assistance claim. (Doc. No. 109, at 4.) The court notes that this argument is somewhat internally inconsistent, as it suggests that the only prejudice the government would incur would be in responding to the motion for a new trial.

In any event, in *Munoz*, the Sixth Circuit clarified that this factor asks how much the government would be prejudiced from having to retry the case after the delay in filing the Rule 33 motion, "rather than merely from having to respond to a belated motion." *Munoz*, 605 F.3d at 371 n.6. The court noted that a six-month delay is not enough to create prejudice in retrying a case, at least as it relates to witnesses' retaining their memories. *Id.* at 371. In *Elenniss*, the district court found prejudice to the government arising from the fact that it "was induced into misallocating resources—towards sentencing rather than towards responding to . . . post-verdict motions." *Elenniss*, 729 F. App'x at 426. The Sixth Circuit disagreed, finding no prejudice, because, whether the motion was timely or not, the government would have had to both respond to the motion and prepare for sentencing—"[i]t just would have done so in a different order" if the motion had been timely. *Id.*

Here, too, the government makes no showing of potential prejudice. The potential delay at issue is under six months, and the fact that the government is required to respond to the motion is not the type of prejudice anticipated by this factor. This factor weighs in favor of the defendant.

### 3. Length of the Delay and Potential Impact on Judicial Proceedings

In *Munoz*, the court confirmed that whether a delay is "inordinate" is entirely dependent on context and that district judges are "in the best position to know how long a diligent successor

counsel would require to research and prepare a new-trial motion under the circumstances presented by any given case." *Munoz*, 605 F.3d at 372.

The delay here, from the actual date on which the Rule 33 motion was due until the now-requested due date, is approximately three and one-half months. Delays of less than this amount of time have been found inexcusable. *See Nafziger*, 467 F.3d at 523 (finding a delay of thirty-seven days not due to excusable neglect under the circumstances there). However, the actual delay at issue here is not inordinate, given that counsel filed the first two motions for extension of time within the deadlines for doing so and then, although she failed to reference a Rule 33 motion or any other post-trial motion in her third request to extend the deadline, the present motion now before the court was filed just eight days after the deadline that was the subject of the second motion expired. Moreover, the delay is not excessive in light of the complexity of the ineffective assistance claim raised by the defendant and the time required "to research and prepare a new-trial motion under the circumstances presented" in this case. *Munoz*, 605 F.3d at 372.

Finally, the impact on judicial proceedings is minimal, given that La has not been sentenced; the sentencing hearing is still some months away; and no appeal has been taken. *Accord Hall*, 979 F.3d at 1126.

This factor clearly favors the defendant.

> 4.    *Good Faith.*

The government concedes that this factor weighs in favor of the defendant, and the court agrees that it does.

## B.    Weighing the Factors

All of the factors, including the reason for the delay, weigh at least slightly in favor of the defendant. The court, therefore, will grant the Amended Motion to Extend the Deadline, but will

impose a hard deadline of November 15, 2022—the date requested by the defendant—for the filing of the anticipated Rule 33 motion.

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the defendant's Amended Motion to Extend Deadline to File Motion for a Rule 33 New Trial (Doc. No. 104) is **GRANTED**, and the deadline is extended to **November 15, 2022**. Further extensions will not be lightly granted.

The original Motion to Extend Deadline (Doc. No. 98) is **TERMINATED** as moot and superseded by the Amended Motion.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge